IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL FLINT,

        Plaintiff,        Case No. 3:12-cv-155

vs.        Judge Thomas M. Rose

CAROLYN W. COLVIN,        Chief Magistrate Judge Sharon L. Ovington
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING FLINT'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14) IN ITS ENTIRETY; REMANDING THIS MATTER TO THE COMMISSIONER AND TERMINATING THIS CASE**

_____

Michael Flint ("Flint") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability benefits. On June 11, 2013, United States Chief Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #14) recommending that the Commissioner's non-disability finding be vacated and this case be remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with the Report and Recommendations.

Flint subsequently filed Objections (doc. #15) wherein he argues that he should be awarded benefits instead of remanding this matter. The time has run and the Commissioner has not responded to Flint's Objections. This matter is, therefore, ripe for decision.

Flint sought financial assistance from the Social Security Administration by applying for Disability Insurance Benefits and Supplemental Security Income in September of 2007. Flint claimed that he has been disabled since January 1, 1999, due to dysthymic disorder, generalized anxiety disorder, shortness of breath, generalized weakness, fatigue, muscle and joint pain and an inability to concentrate.

The Commissioner denied Flint's application initially and on reconsideration. Administrative Law Judge ("ALJ") Amelia G. Lombardo ("Lombardo") held a hearing following which she determined that Flint is not disabled. The Appeals Council denied Flint's request for review and ALJ Lombardo's decision became the Commissioner's final decision. Flint then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in Flint's Objections (doc. #15), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is not supported by substantial evidence. WHEREFORE, this Court adopts the Report and Recommendations of the Chief United States Magistrate Judge in its entirety. The Commissioner's decision that Flint is not disabled in accordance with Social Security regulations is vacated and this case is remanded to the Commissioner under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with the Report and Recommendations. Further, Flint's Objections are overruled. Finally, the captioned cause is

hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Seventeenth Day of July, 2013.

.                                                **s/Thomas M. Rose**

                                                 _____
                                                 JUDGE THOMAS M. ROSE
                                                 UNITED STATES DISTRICT COURT

Copies furnished to:
    Counsel of Record